IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESSICA CUELLAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:10-cv-191 |
| | § | |
| PERMA-TEMP PERSONNEL | § | |
| SERVICES, INC. | § | |
| and KEPPEL AMFELS, L.L.C., | § | |
| | § | |
| Defendants. | § | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

JESSICA CUELLAR, Plaintiff, complains of and against PERMA-TEMP PERSONNEL SERVICES, INC. and KEPPEL AMFELS, L.L.C., Defendants, and for cause of action, shows:

### I.     INTRODUCTION

1.1   This is an action brought pursuant to the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2601 *et seq.*  Plaintiff JESSICA CUELLAR's employment with Defendants PERMA-TEMP PERSONNEL SERVICES, INC. and KEPPEL AMFELS, L.L.C. was terminated when she attempted to return to work following six weeks' leave of absence taken as a result of the birth of her child.

### II.     JURISDICTION AND VENUE

2.1   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

2.2     The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.3     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2.4     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2617(a)(2).

### III.   PARTIES AND SERVICE INSTRUCTIONS

3.1     Plaintiff JESSICA CUELLAR (hereinafter "Cuellar") is an individual residing in Cameron County, Texas.

3.2     Defendant PERMA-TEMP PERSONNEL SERVICES, INC. (hereinafter "Perma-Temp") is a corporation in good standing, duly formed under the laws of the state of Texas.  Defendant Perma-Temp can be served with process through Luigi Cristiano, its registered agent for service of process, at 134 Calle Cenizo, Brownsville, Texas 78520.

3.3     Defendant KEPPEL AMFELS, L.L.C. (hereinafter "Keppel Amfels") is a limited liability company in good standing, duly formed under the laws of the state of Texas.  Defendant Keppel Amfels can be served with process through Geok S. Tan, its registered agent for service of process, at 20,000 South Highway 48, Brownsville, Texas 78523.

### IV.   STATEMENT OF FACTS

4.1     In June 2007, Ms. Cuellar was referred by Perma-Temp to work at Keppel Amfels as a clerk.

4.2     Ms. Cuellar was hired by Keppel Amfels as a clerk on or about June 25, 2007.

4.3     In or about February 2008, Ms. Cuellar notified Perma-Temp of her pregnancy and need for leave following the birth of her child.

4.4     In or about April 2008, Ms. Cuellar notified Jane Fordham, her supervisor at Keppel Amfels, of her pregnancy and need for leave following the birth of her child.

4.5     Ms. Cuellar notified Defendants Keppel Amfels and Perma-Temp on or about August 18, 2008 that she was in the hospital because she was in pre-term labor.

4.6     Ms. Cuellar delivered her baby on August 20, 2008.

4.7     Ms. Cuellar took leave beginning on August 18, 2008.

4.8     Ms. Cuellar notified Defendants on or about August 20, 2008 that she would require six weeks' leave before being released to return to work.

4.9     On October 1, 2008, Ms. Cuellar attempted to return to work. However, Keppel Amfels fired Ms. Cuellar.

4.10    Ms. Cuellar was on leave for a total of about six weeks.

4.11    On or about October 2, 2008, Ms. Cuellar notified Perma-Temp that she had been fired from Keppel Amfels.

4.12    Perma-Temp did not offer Ms. Cuellar another job placement following her termination from Keppel Amfels.

4.13    All of the actions and omissions alleged in the paragraphs above were undertaken by the Defendants either directly and/or through their agents.

### V.     CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT

5.1     Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

5.2     Ms. Cuellar was an eligible employee as defined by 29 U.S.C. § 2611 of the FMLA because she worked for Defendants for at least 12 months and for at least 1,250 hours of service during the previous 12 month period before she first took and or requested FMLA leave.

5.3     Ms. Cuellar was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and retaliation as set out in 29 U.S.C. § 2615(a)(2).

5.4     Defendant Perma-Temp is an employer within the meaning of section 2611(4) of the FMLA in that Perma-Temp employs and has employed 50 or more employees for each working day during each of 20 or more calendar work weeks during the applicable time period, and is engaged in commerce or in an industry or activity affecting commerce.

5.5     Defendant Keppel Amfels is an employer within the meaning of section 2611(4) of the FMLA in that Keppel Amfels employs and has employed 50 or more employees for each working day during each of 20 or more calendar work weeks during the applicable time period, and is engaged in commerce or in an industry or activity affecting commerce.

5.6     Ms. Cuellar had a "serious health condition" as defined under 29 U.S.C. § 2611(11).

5.7     Ms. Cuellar would show that Defendant Keppel Amfels violated the FMLA with respect to her in the following and other respects:

  (a) by firing Ms. Cuellar on or about October 1, 2008, without providing Ms. Cuellar the leave entitlement guaranteed by the FMLA because of a qualifying serious health condition;

  (b) by interfering with, restraining or denying Ms. Cuellar's exercise or her attempts to exercise rights provided by the FMLA by failing to provide FMLA leave, by failing to provide the notices required by the FMLA, and by failing to return her to her position or to an equivalent position, instead firing her on or about October 1, 2008; and

  (c) by discriminating and/or retaliating against her in violation of the FMLA when it fired her on or about October 1, 2008.

 5.8 Ms. Cuellar would show that Defendant Perma-Temp violated the FMLA with respect to her in the following and other respects:

  (a) by interfering with, restraining or denying Ms. Cuellar's exercise or her attempts to exercise rights provided by the FMLA by failing to provide FMLA leave, by failing to provide the notices required by the FMLA, and by failing to return her to her position or to an equivalent position; and

  (b) by discriminating and/or retaliating against her in violation of the FMLA when it failed to offer her a job placement following her termination from Keppel Amfels.

 5.9 Ms. Cuellar was prejudiced by Defendants' violations when she lost the benefits and earnings associated with her job.

5.10 All conditions precedent to the filing of this action have occurred or have been fulfilled.

5.11 For Defendants' violations, Ms. Cuellar seeks reinstatement, back pay and other lost compensation, interest, liquidated damages, attorney's fees, expert witness fees, and court costs.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a. that she have judgment in her favor for Defendants' violations of the FMLA, including reinstatement, back pay, other lost compensation, and liquidated damages;

b. award Plaintiff pre-judgment and post-judgment interest as allowed by law;

c. award Plaintiff her reasonable attorney's fees, expert witness fees, and costs of court; and

d. award Plaintiff such other relief as this Court deems just and proper.

Dated:  August 20, 2010.

Respectfully Submitted,

_/s/ Kathryn J. Youker_
Kathryn J. Youker
State Bar No.: 24014928
S. Dist. N.: 33655
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis St.
Brownsville, Texas 78520
(956) 982-5540
(956) 541-1410/FAX
ATTORNEY IN CHARGE FOR PLAINTIFF